IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ARVEST BANK OF ROGERS                                    PLAINTIFF

         v.              Civil No. 09-5223

TCI BENTONVILLE, INC.;
TRANSCONTINENTAL REALTY
INVESTORS, INC.; and ONE
REALCO LAND HOLDINGS, INC.                              DEFENDANTS

MEMORANDUM OPINION

Now on this 14th day of March, 2011, come on for consideration plaintiff's **Motion For Summary Judgment** (document #20) and **Amended Motion For Summary Judgment** (document #33), to which there has been no response, and from said motions, the supporting documentation, and the pleadings of the parties, the Court finds and orders as follows:

1.   Plaintiff Arvest Bank of Rogers ("Arvest") alleges in its First Amended Complaint In Equity that in July, 2005, it loaned money to defendant TCI Bentonville, Inc. ("TCI").  It further alleges that the loan was secured by a Mortgage from TCI on certain real property (the "Property") and a Guaranty from Transcontinental Realty Investors, Inc. ("Transcontinental"). Arvest further alleges that the loan is in default, and that it has elected to accelerate the remaining payments.  It seeks a money judgment against TCI and Transcontinental, and foreclosure of the Mortgage if the judgment be not paid.

Arvest joined separate defendant One Realco Land Holdings,

Inc. ("ORLH"), alleging that ORLH might claim an interest in the Property, but that any such interest was junior to that of Arvest.[1]

2.    Arvest now moves for summary judgment, which is appropriate when the record, viewed in the light most favorable to the nonmoving parties, and giving those parties the benefit of all reasonable inferences, shows that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  **Walsh v. United States, 31 F.3d 696 (8th Cir. 1994).** Summary judgment is not appropriate unless all the evidence points toward one conclusion, and is susceptible of no reasonable inferences sustaining the position of the nonmoving party.  **Hardin v. Hussmann Corp., 45 F.3d 262 (8th Cir. 1995).**  The burden is on the moving party to demonstrate the non-existence of a genuine factual dispute;  however, once the moving party has met that burden, the nonmoving party cannot rest on its pleadings, but must come forward with facts showing the existence of a genuine dispute.  **City of Mt. Pleasant, Iowa v. Associated Electric Co-op, 838 F.2d 268 (8th Cir. 1988).**

3.    Pursuant to **Local Rule 56.1**, Arvest filed a Statement Of Material Facts which it contends are not in dispute.  The Statement Of Material Facts was updated in connection with the

---

[1] The pleadings indicate that ORLH may be in bankruptcy, but it answered the Amended Complaint without so alleging, and the Court has no other information that would suggest that going forward with this case as against ORLH would violate the automatic stay.

Amended Motion For Summary Judgment. Defendants have not contested any statement in either document.

From those Statements, and from the pleadings, the following significant undisputed facts are made to appear:

* On July 15, 2005, TCI made and delivered to Arvest its Promissory Note #2905018 in the original principal amount of $3,828,400.00.

* Arvest and TCI entered into certain Debt Modification Agreements which extended the final maturity date of Promissory Note #2905018 until July 15, 2009.

* In order to secure payment of Promissory Note #2905018, TCI on July 15, 2005, made and delivered to Arvest a real estate Mortgage which conveyed to Arvest the following described lands in Benton County, Arkansas:

> THE SOUTHEAST QUARTER OF THE SOUTHWEST QUARTER AND THE SOUTHWEST QUARTER OF THE SOUTHEAST QUARTER OF SECTION 15, TOWNSHIP 19 NORTH, RANGE 31 WEST, BENTON COUNTY, ARKANSAS, BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS TO-WIT: BEGINNING AT THE SOUTHWEST CORNER OF THE SOUTHEAST QUARTER OF THE SOUTHWEST QUARTER OF SAID SECTION 15; THENCE NORTH 01 DEGREES, 08 MINUTES, 40 SECONDS EAST, ALONG THE WEST LINE OF SAID SE 1/4 OF THE SW 1/4, 1,317.22 FEET TO THE NORTHWEST CORNER OF SAID SE 1/4 OF THE SW 1/4 OF SAID SECTION 15; THENCE SOUTH 89 DEGREES, 11 MINUTES, 25 SECONDS EAST, 2,624.41 FEET TO THE NORTHEAST CORNER OF SAID SW 1/4 OF THE SE 1/4 OF SAID SECTION 15; THENCE SOUTH 00 DEGREES, 43 MINUTES, 06 SECONDS WEST, ALONG THE EAST LINE OF SAID SW 1/4 OF THE SE 1/4, 1,322.80 FEET TO THE SE CORNER OF SAID SW 1/4 OF THE SE 1/4 OF SAID SECTION 15; THENCE NORTH 89 DEGREES, 04 MINUTES, 06 SECONDS WEST, ALONG THE SOUTH LINE OF SAID SW 1/4 OF THE SE 1/4, 1,315.28 FEET TO THE SOUTHWEST CORNER OF SAID SW 1/4 OF THE SE 1/4 OF SAID SECTION 15; THENCE CONTINUE NORTH 89 DEGREES, 04

MINUTES, 06 SECONDS WEST, ALONG THE SOUTH LINE OF SAID
SE 1/4 OF THE SW 1/4 A DISTANCE OF 1,318.94 FEET TO THE
POINT OF BEGINNING, SUBJECT TO ANY EASEMENTS AND/OR
RIGHT-OF-WAY, OF RECORD, IF ANY.

This Mortgage was duly filed for record on July 18, 2005, in
Instrument No. 2005-190568 of the Mortgage Records of Benton
County, Arkansas.

*    On October 15, 2007, Arvest filed a Partial Mortgage
Release which released the following described real property from
the Mortgage:

PART OF THE SW 1/4 OF THE SE 1/4 OF SECTION 15, TOWNSHIP
19 N, RANGE 31 W, DESCRIBED AS BEGINNING AT THE NE
CORNER OF SAID SW 1/4 OF THE SE 1/4 THENCE WEST 290';
THENCE SOUTH 300'; THENCE EAST 290'; THENCE NORTH 300'
TO THE POINT OF BEGINNING CONSISTING OF 2 ACRES, MORE OR
LESS.

This Partial Mortgage Release was filed for record on October
22, 2007, in Mortgage Record Book 2007 at Page 235492 of the
Records of Benton County, Arkansas.

*    On July 15, 2005, Transcontinental executed its Guaranty
in which it absolutely and unconditionally guaranteed the payment
and performance of TCI under the terms and provision of Promissory
Note #2905018.

*    On July 30, 2009, TCI deeded the Property to ORLH, which
deed was filed for record on August 3, 2009, as Deed Record 2009-
38454 in the records of Benton County, Arkansas.

*    TCI failed to make payments as prescribed on Promissory
Note #2905018, and failed to pay the indebtedness therein

-4-

described at maturity, thereby violating the terms of Promissory Note #2905018 and the Mortgage.

* Arvest accelerated the loan indebtedness and gave notice of the acceleration. TCI has failed to make payment despite demand.

* Immediately prior to maturity on July 15, 2009, interest accrued on the unpaid principal balance of Promissory Note #2905018 at the rate of 3.2675% per annum. Pursuant to paragraph 3A of Promissory Note #2905018, the interest rate after default equals 3.2675% per annum plust 6.0% per annum, for an interest rate after default of 9.2675% per annum.

* After all proper credits and payments and after demand for payment, there is now due and owing on Promissory Note #2905018 the following:

* principal balance of $2,949,751.97;

* accrued and unpaid interest through March 14, 2011 in the sum of $477,354.99;

* legal fees in the amount of $14,402.66; and

* title report fees of $125.00.

4. Based on the foregoing uncontroverted facts, there is no dispute that TCI and Transcontinental are indebted to Arvest in the amount of $3,441,634.62, for which Arvest is entitled to judgment.

There is likewise no dispute that Arvest is entitled to

-5-

foreclose against the Property in the event such judgment is not timely paid.

There is likewise no dispute that Arvest's interest in the Property is paramount to that of ORLH.

**IT IS THEREFORE ORDERED** that plaintiff's **Motion For Summary Judgment** (document #20) and **Amended Motion For Summary Judgment** (document #33) are **granted.** In accordance with **F.R.C.P. 58(a),** a Judgment based on the foregoing findings will be entered contemporaneously herewith.

**IT IS SO ORDERED.**

       /s/ Jimm Larry Hendren
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**